Aryeh Kaufman, Esq. (SBN 289745)
aryeh@akaufmanlegal.com
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd, PMB 1907
Los Angeles, CA 90036
Tel: (323) 943-2566
Fax: (213) 402-8598

*Attorney for Defendants,*
GSG PPE LLC and GARY WAXMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LINE APPAREL, LLC, a Delaware Limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> GSG PPE, LLC, an Ohio limited liability company; GARY WAXMAN, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-06462-SVW (KK) <br><br> Assigned for all purposes to the Hon. Stephen V. Wilson <br><br> **DEFENDANTS GSG PPE, LLC AND GARY WAXMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION (Fed.R.Civ.P. 12(b)(2))** <br><br> Hearing:      December 13, 2021 <br> Time:        1:30 p.m. <br> Courtroom:   10A |

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

All the alleged contacts that Plaintiff argues in its Opposition support a finding of jurisdiction over GSG and Waxman in California, are not "contacts" of GSG or Waxman. Moreover, alleged nonpayment of profits by GSG does not constitute a sufficient contact to support jurisdiction over GSG and Waxman in California, especially given the lack of any other contacts by them in California. Plaintiff has cited no authority in its Opposition that nonpayment to a plaintiff in California is a sufficient minimum contact to haul a defendant into court in California.

Given that Defendants had no California contacts, the claims in the Complaint cannot be said to be related to forum-related activities. For these reasons, as well as those discussed in Defendants' Motion, the exercise of jurisdiction over GSG and Waxman would offend "traditional notions of fair play and substantial justice," and Defendants' Motion should be granted.

## II.    THE COURT LACKS PERSONAL JURISDICTION OVER GSG AND WAXMAN

### A. Neither GSG Nor Waxman Have Minimum Contacts With California

Plaintiff does not address general jurisdiction in its Opposition and, thus, concedes that this Court does not have general jurisdiction over GSG or Waxman.

Further, Plaintiff has failed to establish this Court has specific jurisdiction over either GSG or Waxman, both of whom Plaintiff addresses with the same analysis. Instead of treating these two defendants separately, in its Complaint and in its Opposition, Plaintiff improperly lumps GSG and Waxman together and argues jurisdiction as to both of them collectively. However, "each defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine Inc.*, 465 U.S. 770, 781 n.13 (1984).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1   As set forth in the Motion, neither GSG nor Waxman traveled to California to

2 negotiate the deal with Plaintiff, and never traveled to California to meet with Plaintiff

3 or to do business with Plaintiff. (Dkt. No. 19-2, Declaration of Gary Waxman,

4 "Waxman Decl.", ¶ 20.)

5   Neither GSG nor Waxman solicited business with Plaintiff in California. As

6 Plaintiff alleges in the Complaint, and does not contradict in its Opposition, Plaintiff

7 "sought out business opportunities . . . and was introduced to Gary Waxman . . ." (Dkt.

8 No. 1-1, Compl. ¶ 10.)

9   Waxman, as a representative of GSG, negotiated with Plaintiff's CEO, Ramin

10 Namvar, for the alleged agreement relating to hospital gowns, from Waxman's

11 residence in Florida, by phone and email. (Dkt. No. 19-2, Waxman Decl. ¶ 19.)

12 The alleged verbal agreement was entered into by GSG through Waxman, from

13 Waxman's residence in Florida, over the phone with Mr. Namvar. (Dkt. No. 19-2,

14 Waxman Decl. ¶ 22.) The Complaint alleges that the agreement at issue was a verbal

15 agreement, and thus, GSG did not execute a contract in California or anywhere else.

16 (Dkt. No. 1-1, Compl. ¶ 11.) Waxman never met with Plaintiff in California, or

17 anywhere else, to negotiate or enter into the alleged agreement. *See McGlinchy*, 845

18 F.2d 802, 816 (9th 1988); *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)

19 (citations omitted) (finding that court lacked personal jurisdiction over defendant

20 whose sole contacts with California consisted of telephone calls and letters transmitted

21 to plaintiff and a California physician regarding plaintiff's injury); *see also Rugroden*

22 *v. State Bank of Park Rapids*, No. C 08-1964 JF (RS), 2008 U.S. Dist. LEXIS 84920,

23 * 8 (E.D. Cal. Oct. 1, 2008) (holding that letters, faxes, and telephone calls to the

24 plaintiff in California were insufficient to support a finding of specific jurisdiction).

25   The Complaint alleges that Plaintiff arranged for and had the hospital gowns

26 shipped from China to Los Angeles, and then from Los Angeles to Hartford in

27 Connecticut. (Dkt. No. 1-1, Complaint, "Compl.," Decl. ¶ 21.)

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1  Plaintiff does not dispute or contradict any of these facts or allegations.

2  Further, Plaintiff alleges in its Complaint that GSG did not perform under the

3  agreement because it did not split profits with Plaintiff from GSG's sales of the hospital

4  gowns to Hartford. (Dkt. No. 1-1, Compl. ¶¶ 31, 41, 53, 61.) If GSG had paid Plaintiff

5  such profits, as it was alleged GSG was obligated to do, GSG would have sent such

6  payments from GSG's business location in Ohio. (Dkt. No. 19-2, Waxman Decl. ¶ 23.)

7  Thus, the contemplated performance of GSG would have been performed in Ohio.

8  The Complaint does not allege that Waxman was a party to the verbal agreement

9  between Plaintiff and GSG and thus there would be no contemplated performance by

10  Waxman. (Dkt. No. 1-1, Compl. ¶ 11.)

11  **1.   The alleged California "contacts" set forth in Plaintiff's Opposition**

12  **Are not contacts by GSG or Waxman**

13  Plaintiff makes the conclusory statement, "Defendants have done business with

14  the state of California through this deal with Line Apparel." (Oppos. p. 4 lines 18-19)

15  and then engages in verbal gymnastics to make it seem Defendants had contacts in

16  California, which they did not. The jurisdictional "contacts" that Plaintiff alleges are

17  as follows: (i) Plaintiff's headquarters are in California; (ii) Defendants have done

18  business with the state of California through this deal with Line Apparel, benefiting

19  from California's infrastructure and people, specifically enjoying the Port of Los

20  Angeles and California's highways and infrastructure to move its goods; (iii) the core

21  of the contract took place in Los Angeles because Waxman negotiated the deal for the

22  hospital gowns with Plaintiff by phone and email, so that Plaintiff, in Los Angeles,

23  could fulfill its end of the deal in Los Angeles; (iv) the verbal agreement Waxman

24  entered into with Plaintiff called for the majority of the logistical elements of the

25  contract to be fulfilled in California (v) the breach of contract happened in California

26  when Plaintiff did not receive payment from Defendants; and (vi) the shipping

27  containers full of the hospital gowns arrived in the Port of Los Angeles from China and

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    then transported by truck from and through the state of California. (*See* Oppos. pp. 4-
2    5; *see also* Oppos. pp. 8-9.)

3        The foregoing alleged "contacts" in California--that *Plaintiff* is a California
4    corporation headquartered in Los Angeles, or the attenuated "contact" that the
5    hospital gowns were shipped via the supply chain through Los Angeles (not by
6    Defendants) from China on their way to Hartford in Connecticut--are irrelevant to
7    whether this Court has jurisdiction over the Defendants, an inquiry that focuses on the
8    defendant's actions in the forum.[1] *See Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir.
9    2015) ("This argument would mistakenly "allow[ ] a plaintiff's contacts with the
10   defendant and forum to drive the jurisdictional analysis." *Walden v. Fiore,* —— U.S. –
11   ——, 134 S.Ct. 1115, 1125, 188 L.Ed.2d 12 (2014). But our inquiry is limited to
12   examining contacts that "proximately result from actions by the
13   defendant *himself.*" *Burger King,* 471 U.S. at 475, 105 S.Ct. 2174.

14       Therefore, the fact that a contract envisions one party discharging his
15   obligations in the forum state cannot, standing alone, justify the exercise of
16   jurisdiction over another party to the contract."). A showing of a defendant's
17   purposeful availment of the privilege of doing business in a forum state normally
18   consists of "evidence of the **defendant's actions in the forum**, such as executing or
19   performing a contract there." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d
20   797, 802 (9th Cir. 2004)(Emphasis added.). Under *Axiom Foods, Inc.*, the "inquiry

21   ───────────────────

22   [1] The argument Plaintiff makes later in its Opposition, not in the section "Facts
     Related to Jurisdiction," that "The various loans Defendants engaged in with their
23   various financiers – such as PHARMA – underscores their contacts with the forum
24   state because it shows the financial aspects of the contract directly affected
     California, as funds were then sent into the forum state. (Complaint ¶¶ 13-18)" also
25   does not constitute a jurisdictional contact by Defendants. (See Oppos. p.10.)
26   Defendants are not located in California and Plaintiff does not allege that such non-
     party financiers are located in California, or that Defendants took out a loan in
27   California related to the parties' verbal agreement or otherwise.

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1   whether a forum State may assert specific jurisdiction over a nonresident defendant

2   'focuses on the relationship between the defendant, the forum, and the litigation.'"

3   *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017)

4   (citation omitted). That relationship, however, must "arise out of contacts that the

5   defendant *himself* creates with the forum state." *Id.* (citation omitted) (emphasis

6   added.) In addition, it is the defendant's contacts with the forum state itself, not the

7   defendant's contacts with persons who reside there, that drives the minimum contacts

8   analysis. *Id.* Therefore, it follows that the defendant's relationship with the plaintiff

9   or third party, standing alone, is an insufficient basis for jurisdiction. *Id.* "Merely

10  contracting with a resident of the forum state is insufficient to confer specific

11  jurisdiction over a nonresident." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th

12  Cir. 1995).

13          In *180Squared, INC. v. Allo Twin Cities LLC*, No. C 12-4951 PJH, 2013 WL

14  12146129, at *5 (N.D. Cal. Jan. 18, 2013), the court found no specific jurisdiction

15  over the defendant ATC, noting that plaintiff's arguments in favor of personal

16  jurisdiction over defendant primarily showed plaintiff's own contacts with California,

17  not the defendants. *Id.* The court noted, "For example, plaintiff asserts that ATC sent

18  emails and other correspondence to plaintiff in California, that ATC made payments

19  to plaintiff via a bank in California, and that plaintiff performed the contract in

20  California as evidence supporting personal jurisdiction over ATC in California.

21  However, none of this shows ATC's contacts with California, or shows that ATC

22  purposefully availed itself of the privilege of conducting business in California." *Id.*

23  at *6 (N.D. Cal. Jan. 18, 2013).

24          That Plaintiff is a California corporation located in Los Angeles and any alleged

25  performance by or on behalf of Plaintiff under the parties' alleged verbal agreement, in

26  California, and the fact that the hospital gowns passed through the shipping channels

27  of Los Angeles, are not contacts in California by either GSG or Waxman. Plaintiff has

28

1  cited to no cases in which such attenuated "contacts" with the forum support the

2  exercise of jurisdiction over non-resident defendants.

3  Further, if GSG had paid Plaintiff profits, as it was alleged GSG was obligated

4  to do under the verbal agreement, GSG would have sent such payments from GSG's

5  business location in Ohio. (Waxman Decl. ¶ 23.) Thus, the contemplated performance

6  of GSG would have been performed in Ohio.

7  Even if Plaintiff's allegations in the Opposition that "the breach of contract

8  happened in California when Plaintiff did not receive payment from Defendants" and

9  "Defendant breached its end of the contract when it did not fulfill its requirement to

10  pay Plaintiff *in California* its half of the profits, (Oppos. p. 5, line 1-2, p. 9, lines 4-6),

11  is considered a contact by GSG with California, Plaintiff cites to no authority that

12  nonperformance of a contract by non-payment alleged to have taken place in the forum,

13  constitutes a sufficient minimum contact to support the exercise of personal

14  jurisdiction, particularly where, as here, it would be the sole "contact" with the forum.

15  Cases in which nonpayment by a defendant of a contractually required payment

16  to be made to a person or entity in California is considered a California contact for

17  jurisdictional purposes also involve additional, other jurisdictional contacts in

18  California to support a finding that jurisdiction exists in the forum state.

19  For example, in *GT Sec., Inc. v. Klastech GmbH*, No. C-13-03090 JCS, 2014

20  WL 2928013, at *4 (N.D. Cal. June 27, 2014), the court found personal jurisdiction

21  over a defendant where the defendant's CEO met with the plaintiff in California to

22  discuss the status of their work under the parties' agreement while he was in California

23  for a trade show and defendant made partial payments under the agreement by making

24  wire transfers to Plaintiff's California bank account. *Id.* at *4. And, in *CCSAC, Inc. v.*

25  *Pac. Banking Corp*, No. 20-CV-02102-JD, 2021 WL 949369, at *2 (N.D. Cal. Mar.

26  12, 2021), jurisdiction was found to exist over the defendant where the banking service

27  agreements at issue and the parties' course of dealing provided for the defendant to

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

process payments to plaintiffs' California vendors, including the California Department of Tax and Fee Administration, as well as to plaintiffs' employees, at least some of whom were located in California.

Here, by contrast, Defendants did not make any payments to Plaintiff in California. (Complaint, ¶¶ 16, 26; Oppos. at p. 3 lines 14-26.) Further, neither GSG nor Waxman had a prior "course of dealing" with Plaintiff relating to payments under the verbal agreement or otherwise. Accordingly, alleged non-payment by GSG and Waxman under the parties' verbal agreement cannot be the basis for jurisdiction over GSG or Waxman.

In addition, as already noted, the verbal agreement between the parties came about because Plaintiff "sought out business opportunities . . . and was introduced to Waxman"; the verbal agreement GSG is alleged to have entered into was negotiated and entered into, if at all, by phone and email by Waxman in Florida; neither GSG nor Waxman executed a contract in California; neither GSG nor Waxman performed under the agreement in California; neither GSG nor Waxman traveled to California or had any other contacts with California in connection with the agreement; the alleged agreement did not create a continuing, long-term relationship between Plaintiff and Defendants, but instead was a one-off, purchase and sale agreement; and this sole agreement did not subject GSG or Waxman to any involvement with California, let alone a continuing and extensive involvement with California. Defendants did not purposefully avail themselves of the privileges of the state of California with this one-off agreement. "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Axiom Foods, Inc.*, 874 F.3d at 1068 (quoting *Walden*, 571 U.S. at 286).

Accordingly, Plaintiff cannot meet its *prima facie* burden of showing that either GSG or Waxman "purposefully availed [themselves] of the privilege of conducting

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1    activities within in the forum, thereby invoking the benefits and protections of its laws."

2    *Schwarzenegger* ,374 F.3d at 802.

3    **B.     The Claims Do Not Relate to GSG Or Waxman's Contacts With**

4         **California**

5         As set forth in the Motion, and herein, Defendants had no California contacts

6    and thus the claims in the Complaint cannot be said to be related to forum-related

7    activities. Plaintiff has cited no authority in its Opposition that nonpayment to a

8    plaintiff in California is a sufficient minimum contact to haul a defendant into court in

9    California.

10    **C.     The Exercise of Jurisdiction Over GSG and Waxman Would Not Be**

11         **Reasonable**

12         Defendants' Motion discusses why the exercise of jurisdiction over GSG and

13    Waxman would not be reasonable.

14         Plaintiff's counterarguments are unavailing. In particular, Plaintiff's argument

15    that Defendants have sufficient minimum contacts with California has been disproven

16    in Defendants' Motion and this Reply.

17         Further, Plaintiff posits that it would be costly and burdensome for it to litigate

18    in a different state. However, "neither the Supreme Court nor [the Ninth Circuit] has

19    given much weight to inconvenience to the plaintiff." *Adv. Skin & Hair, Inc. v.*

20    *Bancroft*, 858 F.Supp.2d 1084, 1092 (C.D. Cal. 2012) (internal citation omitted).

21         Plaintiff's argument that the location of evidence and "the location of witnesses

22    most likely leans this factor to hearing the case in California, since most of the work

23    happened in California," is unpersuasive. Plaintiff's claims are for nonpayment of

24    profits by Defendants. Thus, it is likely that most evidence in this case will be

25    documentary in nature, which does not favor California as a forum. GSG's operations,

26    records, witnesses, and evidence are located at GSG's office in Ohio or on Waxman's

27    personal computer in Florida, where he resides. (Waxman Decl. ¶ 24.) Moreover, the

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    only "work" performed in California would have been done by Plaintiff or on Plaintiff's

2    behalf and has no evidentiary bearing on whether payments were made by GSG from

3    Ohio. Witnesses who would likely testify regarding alleged nonpayment by Defendants

4    would presumably be by party witnesses from Plaintiff. Inconvenience to Plaintiff in

5    having to travel to a different forum to testify at trial carries little weight.

6         Finally, Plaintiff' argues unreasonableness based on its belief that it is likely that

7    if this Court grants Defendants' Motion, and Plaintiff files suit in a different forum,

8    Defendants would file motions to dismiss in that forum. However, consideration of the

9    possibility of Defendants seeking dismissal of an action from a forum it does not

10   believe has jurisdiction is hardly a reason to maintain this action here, where it has been

11   shown that the exercise of jurisdiction would be improper.

12   **III.    LEAVE TO AMEND SHOULD NOT BE GRANTED**

13        If the Court grants Defendants' Motion to Dismiss, which they believe would be

14   appropriate and proper, Defendants respectfully request that the Court do so without

15   leave to amend. The alleged facts set forth in Plaintiff's Opposition have been shown

16   herein to not support the exercise of jurisdiction by this Court. Thus, because

17   amendment would be futile, Defendants respectfully request that dismissal should be

18   granted without leave to amend. " . . . [F]utile amendments should not be permitted."

19   *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (internal citation omitted);

20   *see also Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1166 (C.D. Cal. 2019)

21   ("However, a Court does not need to grant leave to amend in cases where the Court

22   determines that permitting a plaintiff to amend would be an exercise in futility.")

23        If Plaintiff has "more facts" to support jurisdiction, as it claims in its Opposition,

24   then it is not known why it would not have included them in its Opposition. (Oppos. p.

25   13, lines 24-26.)

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

## IV. CONCLUSION

For the foregoing reasons and authorities, Defendants GSG and Waxman respectfully request that the Court grant their Motion for lack of personal jurisdiction and dismiss the Complaint against them with prejudice and without leave to amend.

Respectfully submitted,

Dated: November 29, 2021                **LAW OFFICE OF ARYEH KAUFMAN**

By: /s/ Aryeh Kaufman
    Aryeh Kaufman, Esq.
    *Attorney for Defendants*
    **GSG PPE, LLC and GARY WAXMAN**

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION